## STEIN v. KEELER.

Where fraud is set up in defense of a note which was indorsed to plaintiff before due, the answer should charge the holder with notice of the alleged fraud, or that he was a party thereto.

Fraud is no defense to a note which came into the possession of a *bona fide* holder, without notice, for value, and before due.

Section three of revised statutes, p. 453, is applicable only to instruments assigned after due.

### Appeal from Muscatine District Court.

*Opinion by* KINNEY, J.   Suit brought on a promissory note for $333 33, dated October 30th, 1848, and due thirty-three months after date, payable to Henry Q. Jamison or order, signed by John G. Stein.   Note assigned to Keeler before due.   Petition in the usual form.   Defendant answers that Jamison obtained the note by fraud, and sets out specifically in what the fraud consisted.

To this answer the plaintiff filed the following demurrer :

1. The answer of the defendant does not charge the plaintiff with notice of the alleged fraud.

2. The plaintiff is not a party to the said alleged fraud set forth in defendant's answer, nor does the answer so allege.   This demurrer the court sustained; and rendered judgment for the plaintiff for the amount of the note, and interest.   It is said that this is error.

We think the court ruled correctly.   The note being negotiable, assigned to, and falling due in the hands of a third person, it was necessary, before a recovery could be prevented on the ground of fraud in its procurement, to connect the assignee with that fraud as party, or by proving actual or constructive notice of the fraud.   Mr. Chitty lays down the doctrine to be, that a bill or note having been obtained without adequate consideration, or even by

duress or fraud, or misapplied by an agent to his own use, affords no defense, when the instrument came into the possession of a *bona fide* holder without notice for value, and before it was due. Chitty on Bills, p 90. This for the reason that if one of two persons must sustain a loss, he who has suffered a negotiable security, with his name attached to it, to get into circulation, ought to bear the loss, and seek his remedy against the person who has improperly passed the instrument.

*Winstanley* v. *Bowden,* 1 Sewl., 402, was an action by the indorsee against the maker of a promissory note. The defense insisted on was, that the note had been given for hits against the defendant in a lottery insurance. Lord Kenyon, C. J., thought the plaintiff was entitled to recover; observing, that the innocent indorsee of a gaming note, or note given on an usurious contract, could not recover, but that in no other case could the innocent indorsee be deprived of his remedy on the note, and that a contrary determination would shake paper credit to the foundation.

Illegality of consideration will be no defense in an action at the suit of a *bona fide* holder without notice of the illegality, unless he obtained the bill after it became due, without it is so *expressly* declared by the legislature. *Brown* v. *Turner,* 7 T. R., 630; *Wyatt* v. *Bulner,* 2 Esp. R., 538,

Was there such express legislation in Iowa? We are referred to Rev. Stat., p. 453, § 6. This section must be construed in connection with the 3d, 4th and 5th of the same act. When so construed it can only apply to instruments assigned after due. This is clear and will admit of no other construction, and preserve the object of the preceding sections. Section four allows the same defense upon an assigned note, as if it had not been assigned, *providing* it be indorsed after due. Section four permits the maker upon a note assigned before due to prove payment before it was indorsed, *provided he proves that the*

*plaintiff had sufficient notice of the payment before he accepted the said instrument.* Section five allows the defendant to show a want of consideration, or a failure of consideration in whole, or in part, in a suit commenced by any person upon a note, bond, bill or other instrument of writing, &c. ; "*providing* that nothing in this section shall be construed to affect, or impair the right of any *bona fide* assignee of any instrument made assignable by this act, when such assignment was made before such instrument became due."

Thus it will be seen that the statute so confidently relied upon by plaintiff, sustains the decision of the court below. The spirit and interest of this statute, are to protect innocent holders of negotiable paper. According to principle, adjudged cases, and the statute, the answer was demurrable.

Judgment affirmed.

*J. Scott Richmand*, for appellant.

*H. O'Connor*, for appellee.